IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JARED ASHUR WATSON WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-23-2624 |
| BALTIMORE COUNTY DETENTION CENTER, *et al.*, | * | |
| | * | |
| Defendants. | | |

***

# MEMORANDUM OPINION

Self-represented Plaintiff Jared Ashur Watson Williams, who previously was incarcerated at Baltimore County Detention Center ("BCDC"), filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 against Officer Sacha Simms,[1] LPN Jamia Weaver, and BCDC. (ECF No. 7). Mr. Williams alleges that LPN Weaver treated his gunshot wound with iodine packing materials despite his known allergy and Officer Simms ignored him while he was having a medical emergency. *Id.* at 4. Mr. Williams seeks compensatory damages. *Id.* at 5.

Defendants Officer Simms and BCDC (collectively the "County Defendants") filed a motion to dismiss. (ECF No. 16). Mr. Williams opposes the motion. (ECF No. 19). LPN Weaver filed a motion to dismiss or, in the alternative, motion for summary judgment along with a motion to seal. (ECF Nos. 22, 23). Having reviewed the submitted materials, the court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the County Defendants' motion will be granted as to BCDC and denied as to Officer Simms, and LPN Weaver's motions will be denied without prejudice.

---

[1] Mr. Williams named an unidentified officer in his Amended Complaint. (ECF No. 7). Counsel entered an appearance on behalf of the unnamed officer and BCDC on February 1, 2024, identifying the officer as Officer Sacha Simms. (ECF No. 12).

**BACKGROUND**

Mr. Williams states that on November 27, 2022, while incarcerated at BCDC, LPN Weaver treated his gunshot wound with iodine packing materials to which he is severely allergic. (ECF No. 7 at 4). He states that his allergy information is in his medical file and she ignored it. *Id.* As a result, Mr. Williams states that he experienced "the equivalent of a heart attack, extremely high blood pressure and chest pain." *Id.*

At approximately 11:50 p.m. that same evening, Mr. Williams pushed the intercom button to request help and described his symptoms. (ECF No. 7 at 4). Mr. Williams collapsed in front of the intercom inside Dorm 3 of Housing Unit 2P; he lay on the floor for about one hour semi-conscious. *Id.* He states that no emergency code was called for him. *Id.* Mr. Williams states that he suffered a heart attack and when he was eventually taken to medical, he was given nitroglycerin which helped his chest pain. *Id.* at 5.

**STANDARD OF REVIEW**

In reviewing the amended complaint in light of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2)); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)).  Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss.  *Id.*  Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

### A. County Defendants' Motion

The County Defendants have moved to dismiss the amended complaint arguing that: (1) Mr. Williams failed to exhaust administrative remedies; (2) Mr. Williams failed to allege personal involvement or deliberate indifference by the County Defendants; (3) BCDC is not a proper Defendant; and (4) the County Defendants are entitled to qualified immunity.  (ECF No. 16-1).

#### 1. Exhaustion

The County Defendants raise the affirmative defense that Mr. Williams has failed properly to exhaust his administrative remedies as to the claims against them.  If Mr. Williams' claims were not presented properly through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215–216 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Nevertheless, a claim that has not been exhausted may not be considered by this court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 578 U.S. at 639 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

The County Defendants' argument relies solely on a statement made in Mr. Williams' original complaint, which states that "when [he] attempted to explain what happened to a supervisor, they never came back with a 200 form for me to proceed." (ECF No. 1 at 2). Based on this, the County Defendants assert that Mr. Williams failed to initiate and fully exhaust his

4

administrative remedies. (ECF No. 16-1 at 4). However, on October 20, 2023, the court instructed Mr. Williams to file an amended complaint and noted that the amended complaint would replace the original complaint as the operative pleading in this case. (ECF No. 6). Mr. Williams filed his amended complaint on November 15, 2023, which does not make any reference to the grievance process. (ECF No. 7).

Where, as here, the affirmative defense of exhaustion is raised in a motion to dismiss, the factual basis for dismissal must appear on the face of the amended complaint. Here, the amended complaint does not contain any information pertaining to exhaustion. Dismissal is therefore unwarranted on the basis of exhaustion.

### 2. Failure to State a Claim

The County Defendants also assert that the amended complaint should be dismissed because BCDC is not a proper party and Mr. Williams fails to demonstrate personal involvement or deliberate indifference by the County Defendants. (ECF No. 16-1 at 5-6).

Mr. Williams names BCDC in this matter in name only and does not include any allegations against the facility. Moreover, BCDC is not a "person" subject to suit under 42 U.S.C. § 1983[2] and, therefore, the amended complaint against it must be dismissed. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* § 1230 Statement of Particular Matters—Civil Rights, 5 Fed. Prac. & Proc. Civ. § 1230 (4th ed.). A number of courts have held that inanimate objects such as buildings, facilities, and

---

[2] That section states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured …" 42 U.S.C. § 1983 (emphasis supplied).

grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cnty. Corr. Facility*, No. CIV.A. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and because BCDC is not a person within the meaning of the statute, claims against it must be dismissed.

Remaining is Mr. Williams' claim against Defendant Officer Simms. Because Mr. Williams was a pretrial detainee at the time of the relevant events, his claim, which the court liberally construes as a claim for failure to provide medical care, falls under the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment protects the rights of pretrial detainees to receive adequate medical care. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) (stating that "the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, mandates the provision of medical care" to pretrial detainees "who require it") (citation omitted)). Pretrial detainees "retain at least those constitutional rights [held] by convicted prisoners." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *see Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001). While the Fourth Circuit recognized that a pretrial detainee's protections under the Constitution could arguably be "greater" than those afforded to convicted prisoners, it historically adopted the deliberate indifference standard applicable under the Eighth Amendment

for pretrial detainees. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Since *Hill*, however, the United States Supreme Court has called into question the equivalence between the standards applied to claims by pretrial detainees and those applied to claims by post-conviction inmates.

In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Court held that, unlike the standard applied to post-conviction detainees' excessive force claims under the Eighth Amendment, the standard for pretrial detainees' excessive force claims under the Fourteenth Amendment includes no subjective component. *Id.* at 396–97. Several circuits have extended this reasoning to hold that the standard for pretrial detainees' claims of inadequate medical care under the Fourteenth Amendment should likewise not include a subjective component. *See, e.g.*, *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018)).

In *Short v. Harman*, the Fourth Circuit joined with its sister circuits and held that the *Kingsley* objective standard for Fourteenth Amendment claims "protects pretrial detainees from 'governmental action' that is not 'rationally related to a legitimate nonpunitive governmental purpose' or that is 'excessive in relation to that purpose.'" 87 F.4th 593, 608–09 (4th Cir. 2023) (quoting *Kingsley*, 576 U.S. at 396–97). "To state a claim of deliberate indifference to a medical need . . . a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Short*, 87 F.4th at 611. This means that a pretrial detainee "no longer has to show that the defendant

7

had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." *Id.*

The County Defendants, still relying in part on Mr. Williams' original complaint, argue that his pleadings are vague and that the allegations presented do not rise to that of a constitutional violation. (ECF No. 16-1 at 5). However, despite Mr. Williams "incredibly vague" claim, counsel was able to determine that the unnamed officer identified by Mr. Williams was, in fact, Officer Simms. Moreover, as the Fourth Circuit no longer requires a plaintiff demonstrate actual knowledge, Officer Simms' argument is unavailing. Assuming the facts in the amended complaint are true, Mr. Williams was experiencing chest pain and high blood pressure from a possible heart attack when he called over the intercom to an officer, Officer Simms, for help. No action was taken to assist Mr. Williams in obtaining medical care for approximately one hour despite his plea. As Mr. Williams described the severity of his symptoms before collapsing, Officer Simms knew or should have known that Mr. Williams was at high risk of injury. Furthermore, according to Mr. Williams, he did in fact suffer a heart attack. (ECF No. 7 at 5). As such, the court finds that Mr. Williams has pleaded sufficient facts to state a plausible claim for relief under the Fourteenth Amendment.

### 3. Qualified Immunity

Finally, Officer Simms argues that she is entitled to qualified immunity because the conduct alleged does not demonstrate deliberate indifference or otherwise shock the conscience in violation of the Fourteenth Amendment. (ECF No. 16-1 at 8).

"Qualified immunity bars § 1983 actions against government officials in their individual capacities 'unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time.'" *Barrett v. Pae Gov't Servs.,*

*Inc.*, 975 F.3d 416, 428 (4th Cir. 2020) (quoting *D.C. v. Wesby*, 583 U.S. 48, 62–63 (2018)) (cleaned up); *see also Taylor v. Riojas*, 592 U.S. 7, 8 (2020); *Halcomb v. Ravenell*, 992 F.3d 316, 319 (4th Cir. 2021); *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017); *Osborne v. Georgiades*, 679 F. App'x 234, 237 (4th Cir. 2017); *Scinto v. Stansberry*, 841 F.3d 219, 235 (4th Cir. 2016); *Hunter v. Town of Mocksville, N. Carolina*, 789 F.3d 389, 401 (4th Cir. 2015).

In *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 395 (4th Cir. 2014), the Fourth Circuit reiterated: "Qualified immunity protects government officials from liability for 'civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Officer Simms' qualified immunity defense is unavailing at this stage of litigation because, as discussed herein, Mr. Williams has alleged facts suggesting that his rights under the Fourteenth Amendment were well-established and that conduct allegedly violative of Mr. Williams' constitutional rights actually occurred. *See Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005). Officer Simms is, of course, free to reassert this defense at subsequent stages of litigation.

   B.  **LPN Weaver's Motions**

LPN Weaver requests to seal the entirety of her motion to dismiss or, in the alternative, motion for summary judgment, including the attached memorandum and exhibits. (ECF No. 22). Mr. Williams has not filed any response in opposition to the motion to seal and the time to do so is now expired. LPN Weaver's motion is insufficient and will be denied without prejudice to the filing of a properly supported motion to seal.

In support of her motion to seal, LPN Weaver states that Mr. Williams' medical history is "discussed throughout" the motion, memorandum, and exhibits. (ECF No. 22 at ¶ 2). LPN Weaver does not provide any further information about the nature of the medical information contained in the documents and generally states that alternatives to sealing, such as redaction, would render the filing unreadable. *Id.* at ¶ 4.

Local Rule 105.11 (D. Md. 2023), which governs the sealing of all documents filed in the record, states in relevant part: "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." The Rule balances the public's common law right to inspect and copy judicial records and documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), with competing interests that sometimes outweigh the public's right, *see In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The common-law presumptive right of access can only be rebutted by showing that countervailing interests heavily outweigh the public interest in access. *Doe v. Pub. Citizen*, 749 F.3d 246, 265–66 (4th Cir. 2014). The public's right of access to dispositive motions and the exhibits filed within is protected to an even higher standard by the First Amendment. *See Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). This right also "extends to a judicial opinion ruling on a summary judgment motion." *Public Citizen*, 749 F.3d at 267. The First Amendment's right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" *Id.* at 266 (citation omitted). "[S]ensitive medical or personal identification information may be sealed," but not where "the scope of [the] request is too broad." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011).

The motion to seal does not meet the standards justifying sealing as set forth in Local Rule 105.11 or those prescribed by law.  LPN Weaver fails to provide any explanation why alternatives to sealing do not provide sufficient protection to Mr. Williams.  Rather, LPN Weaver relies wholly on readability.  Moreover, she makes no attempt to establish any countervailing interests which might outweigh the public's presumptive right of access.  As such, the motion to seal must be denied, albeit without prejudice to refiling with proposed redactions rather than wholesale sealing of LPN Weaver's dispositive motion.

Having also reviewed LPN Weaver's motion to dismiss or, in the alternative, motion for summary judgment, the court will also deny this motion for failure to comply with the Local Rules. Local Rule 105.5 states: "Parties are responsible for ensuring all exhibits are clear and well organized. When appropriate, parties should facilitate the Court's review of exhibits to include, for example, highlighting key language. If any motion, memorandum, or brief is accompanied by more than five (5) exhibits, the exhibits shall be tabbed and indexed, with cross-references to the page numbers that relate to each exhibit."

Counsel for LPN Weaver submits with the motion more than 450 pages of Mr. Williams' medical records.  *See* ECF Nos. 23-3 through 23-13.  In the memorandum accompanying the motion, counsel identifies these records only as "Exhibit A" and does not cite any specific page numbers when referring to the extensive exhibit.  *See* ECF No. 23-1 at 2, 8-10.  Because the exhibit is so large, the court's electronic filing system required that it be divided into eleven sections (A-1, A-2, A-3, etc.), however, counsel does not refer either to these smaller sections or to the Bates filing numbers which appear on lower right corner of the first 331 pages.  As such, the motion will be denied without prejudice to refiling in compliance with the Local Rules and with specific

references to exhibits.  The court will not search through the exhibit to locate sections referred to by counsel..

## CONCLUSION

For the foregoing reasons, the County Defendants' motion to dismiss is granted in part and denied in part.  The amended complaint is dismissed against BCDC, but the motion is otherwise denied.  As discussed herein, LPN Weaver's motions will be denied without prejudice to refiling.  Defendants Officer Simms and LPN Weaver shall answer or otherwise respond to the amended complaint within 30 days.

A separate order follows.

<u>July 29, 2024</u>                                                  <u>            /s/                         </u>
Date                                                                        DEBORAH K. CHASANOW
                                                                                 United States District Judge