IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JARED ASHUR WATSON WILLIAMS,

   Plaintiff,

   v.                                           Civil Action No. DKC-23-2624

OFFICER SACHA SIMMS and
LPN JAMIA WEAVER,

   Defendants.

## MEMORANDUM OPINION

Pending before the court is a renewed motion to dismiss for failure to state a claim or, in the alternative, motion for summary judgment (ECF No. 29) and a renewed motion to seal (ECF No. 34) filed on behalf of Defendant LPN Jamia Weaver. Despite having been notified of his right to respond to the pending dispositive motion (ECF No. 32), Plaintiff Jared Ashur Watson Williams has not filed anything in opposition. No hearing is deemed necessary to resolve the pending motions. *See* Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, LPN Weaver's Motion, construed as one for summary judgment, is GRANTED, and her motion to seal is GRANTED in part and DENIED in part.

## BACKGROUND

A.    Amended Complaint Allegations

In its Memorandum Opinion issued July 29, 2024, the court summarized the facts alleged in the amended complaint as follows:

> Mr. Williams states that on November 27, 2022, while incarcerated at BCDC, LPN Weaver treated his gunshot wound with iodine packing materials to which he is severely allergic. (ECF No. 7 at 4). He states that his allergy information is in his medical file and she ignored it. *Id.* As a result, Mr. Williams states that he

>experienced "the equivalent of a heart attack, extremely high blood pressure and chest pain." *Id.*
>
>At approximately 11:50 p.m. that same evening, Mr. Williams pushed the intercom button to request help and described his symptoms. (ECF No. 7 at 4). Mr. Williams collapsed in front of the intercom inside Dorm 3 of Housing Unit 2P; he lay on the floor for about one hour semiconscious. *Id.* He states that no emergency code was called for him. *Id.* Mr. Williams states that he suffered a heart attack and when he was eventually taken to medical, he was given nitroglycerin which helped his chest pain. *Id.* at 5.

ECF No. 26 at 2.

B.      Mr. Williams' BCDC Medical Records

LPN Weaver submits Mr. Williams' medical records to support her argument that Mr. Williams failed to inform the BCDC medical staff that he was allergic to iodine. During his intake screening on November 1, 2022, Mr. Williams reported a penicillin allergy and that he had suffered a gunshot wound to his right leg. ECF No. 29-3 at 3, 10, 34.[1] Almost a year following the alleged incident, hospital records again noted that Mr. Williams' only allergy was penicillin. *Id.* at 29, 31; *see also* ECF No. 29-9 at 4, ECF No. 29-10 at 26.

Mr. Williams' gunshot wound was consistently treated with a Tegaderm dressing between November 3 and 28, 2022. ECF No. 29-5 at 40; ECF No. 29-6 at 1-4, 6-7, 9-11, 14-24; ECF No. 29-8 at 1. On November 27, LPN Weaver saw Mr. Williams at approximately 9:00 p.m., more than two hours prior to his alleged heart attack symptoms. ECF No. 29-6 at 23-24. When Mr. Williams was seen that evening at 12:16 a.m., it was noted that he had a sharp pain in the left side of his chest and down his arm. ECF No. 29-7 at 25. He was transported to medical from his cell and administered nitroglycerin. *Id.*

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case File (CM/ECF) system.

On November 28, Dr. Zowie Barnes noted that Mr. Williams was claiming to have a shellfish allergy and asserting that there was iodine in the Tegaderm although he had not reported these allergies previously in hospital or BCDC records.  ECF No. 29-6 at 24; ECF No. 29-8 at 2.  In the appointment notes, Dr. Barnes included instructions not to use Tegaderm for Mr. Williams' wound care in the future.  ECF No. 29-6 at 25, 29, 31-33.  Mr. Williams later refused wound care on December 1 and 5, 2022.  *Id.* at 27-28.  It appears that wound care was discontinued completely after December 9, 2022.  *Id.* at 33.

C.     LPN Weaver's motion to seal

LPN Weaver requests to seal the entirety of her motion to dismiss or, in the alternative, motion for summary judgment, including the attached memorandum and medical records.  ECF No. 34.  Mr. Williams has not responded in opposition to the motion to seal, and his time to do so has expired.  In support of her motion, LPN Weaver states that her filing contains sensitive information about Mr. Williams' physical and mental health as well as personally identifying information.  *Id.* at 1-2.  She argues that there is little need for public access to these documents because they concern Mr. Williams' private health concerns and redaction would render the records unreadable.  *Id.* at 2.  Weaver also includes with the medical records a notice of a prohibition on redisclosure of information related to substance use disorder.  ECF No. 29-3 at 1.

Local Rule 105.11 (D. Md. 2023), which governs the sealing of all documents filed in the record, states in relevant part: "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." The Rule balances the public's common law right to inspect and copy judicial records and documents, see *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

3

589, 597 (1978), with competing interests that sometimes outweigh the public's right, *see In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The common-law presumptive right of access can only be rebutted by showing that countervailing interests heavily outweigh the public interest in access. *Doe v. Pub. Citizen*, 749 F.3d 246, 265–66 (4th Cir. 2014). The public's right of access to dispositive motions and the exhibits filed within is protected to an even higher standard by the First Amendment. *See Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). This right also "extends to a judicial opinion ruling on a summary judgment motion." *Public Citizen*, 749 F.3d at 267. The First Amendment's right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" *Id.* at 266 (citation omitted). "[S]ensitive medical or personal identification information may be sealed," but not where "the scope of [the] request is too broad." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011).

Because Mr. Williams' medical records also include mental health records and references to substance use, the court will grant the Motion as to the attached medical records. However, as the subject of this litigation does not concern Mr. Williams' mental health, the court does not find that LPN Weaver has provided sufficient justification to seal her Motion, memorandum in support, and proposed order, which do not discuss this information. These filings only include references to Mr. Williams' medical treatment as it relates to his gunshot wound and subsequent wound care. Therefore, the Motion will be denied as to these filings.

## STANDARD OF REVIEW

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.

*Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Fed. R. Civ. P. 8(a)).

The Supreme Court of the United States explained that a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss.  *Id.* at 555.  Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Id.* at 563.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

LPN Weaver's dispositive motion is also filed in the alternative as a motion for summary judgment.  Pursuant to Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the

5

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993) and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

## ANALYSIS

The court will construe LPN Weaver's Motion as a motion for summary judgment because materials outside the pleadings will be considered. Additionally, LPN Weaver's argument asserting that Mr. Williams failed to state a claim relies on outdated case law and does not contemplate the standard set out in *Short v. Hartman*, 87 F.4th 593 (4th Cir. 2023), as outlined

below.  Mr. Williams has not responded to the Motion.  The undisputed facts, even construed most favorably to Mr. Williams, do not establish that LPN Weaver failed to provide him adequate medical care while he was a pretrial detainee.

The Due Process Clause of the Fourteenth Amendment protects the rights of pretrial detainees to receive adequate medical care.  *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) (stating that "the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, mandates the provision of medical care" to pretrial detainees "who require it") (citation omitted)).  Pretrial detainees "retain at least those constitutional rights [held] by convicted prisoners."  *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *see Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001).  While the Fourth Circuit recognized that a pretrial detainee's protections under the Constitution could arguably be "greater" than those afforded to convicted prisoners, it historically adopted the deliberate indifference standard applicable under the Eighth Amendment for pretrial detainees.  *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992).  Since *Hill*, however, the United States Supreme Court has called into question the equivalence between the standards applied to claims by pretrial detainees and those applied to claims by post-conviction inmates.

In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Court held that, unlike the standard applied to post-conviction detainees' excessive force claims under the Eighth Amendment, the standard for pretrial detainees' excessive force claims under the Fourteenth Amendment includes no subjective component.  *Id.* at 396–397.  Several circuits have extended this reasoning to hold that the standard for pretrial detainees' claims of inadequate medical care under the Fourteenth Amendment should likewise not include a subjective component.  *See, e.g.*, *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018)).

7

In *Short v. Hartman*, the Fourth Circuit joined with its sister circuits and held that the *Kingsley* objective standard for Fourteenth Amendment claims "protects pretrial detainees from 'governmental action' that is not 'rationally related to a legitimate nonpunitive governmental purpose' or that is 'excessive in relation to that purpose.'" 87 F.4th 593, 608–09 (4th Cir. 2023) quoting *Kingsley*, 576 U.S. at 396–97. "To state a claim of deliberate indifference to a medical need . . . a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Short*, 87 F.4th at 611. This means that a pretrial detainee "no longer has to show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." *Id.*

Here, it is undisputed that Mr. Williams did not report any allergy or adverse reaction to iodine prior to November 28, 2022. Therefore, even assuming that Mr. Williams is in fact allergic to iodine, neither LPN Weaver nor any other medical provider did know, or could have known, about his allergy given the information on file. Mr. Williams was consistently provided with wound care during November 2022, and for almost the entire month, his wound was dressed with Tegaderm without complaint. Again, even if the court were to assume that the Tegaderm dressing caused the chest pains that Mr. Williams experienced, his records do not support that he actually suffered any harm or that LPN Weaver knew of any risk of harm. He was taken to medical and given nitroglycerin which resolved his symptoms. The record does not establish that LPN Weaver

8

was objectively reckless in providing medical care to Mr. Williams.  Accordingly, her motion for summary judgment will be granted.

## CONCLUSION

In light of the foregoing, LPN Weaver's Renewed Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for Summary Judgment, construed as a motion for summary judgment, is GRANTED and her Renewed Motion to Seal is GRANTED in part and DENIED in part.[2]

The remaining defendant, Sacha Simms, filed an Answer to the Amended Complaint on August 29, 2024.  ECF No. 28.  The court will issue a scheduling order to govern discovery on those claims.  A separate Order follows.

|  |  |
|---|---|
| July 23, 2025 | /s/<br>DEBORAH K. CHASANOW<br>United States District Judge |

---

[2] Because Mr. Williams' federal claim against LPN Weaver will not proceed, the court will decline supplemental jurisdiction and dismiss any state law claims against her.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–727 (1966) (When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction.")).